UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN SHERRARD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00379-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This habeas corpus matter is before the Court on movant Justin Sherrard's response to the Court's show cause order issued on March 14, 2024. (ECF No. 2). The Court ordered movant to show cause why his § 2255 motion should not be dismissed as time-barred. Having carefully reviewed movant's response, the Court concludes that this action is time-barred under 28 U.S.C. § 2255.

### Background

On September 27, 2022, movant pled guilty to one count of attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On February 7, 2023, the Court sentenced movant to a total term of 151 months' imprisonment and five years of supervised release. Movant did not appeal. *See United States v. Sherrard*, No. 4:22-CR-155-RLW (E.D. Mo.). His sentence became final on February 21, 2023 and he had until February 21, 2024 to file his § 2255 motion. He filed his motion on February 28, 2024.

On March 14, 2024, the Court issued a show cause order. Noting that the one-year statute of limitations under § 2255 had expired on February 21, 2024, the Court asked movant to show

cause why his motion should not be dismissed as time-barred. In response, movant seeks the application of equitable tolling. He states that the computers in the law library at his institution, FCI Ashville, were inoperable from January 13, 2024 through January 19, 2024. Once the computers were back online, only five of the eleven computers were working. Movant states that the waiting time to access the five operable computers was more than three weeks. (ECF No. 3 at 2). Because he had no access to the prison's law library from January 13 to January 19, 2024 and was subjected to a waiting period afterward, he asserts equitable tolling should apply and the Court should deem his motion timely filed.

## Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 imposed a one-year statute of limitations on motions by prisoners under § 2255 to modify, vacate, or correct their federal sentences. Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a movant can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. However, the application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001).

In *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013), the Eighth Circuit addressed whether denial of a prisoner's access to the law library could constitute an extraordinary circumstance preventing the timely filing of a § 2255 motion. In the case, movant was detained in

a special housing unit and was not permitted to visit his prison's law library for five months. Movant also alleged that he did not have access to his personal and legal materials during this time.

The Eighth Circuit found that movant failed to demonstrate how the five months of special confinement prevented him from meeting his one-year deadline. "[Movant] acknowledges that he was able to send letters during this confinement which suggests he had access to paper and writing implements. He does not claim that he was prohibited from contacting the court or was denied any mail sent from the court." *Id.* The Court reiterated its prior holdings that equitable tolling is not proper when a movant claims a lack of legal resources. *Id.* (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). The Court held that the five-month period in which movant did not have access to the law library did not amount to an extraordinary circumstance warranting equitable tolling.

The Eighth Circuit has denied equitable tolling in other cases of a movant unable to use the law library under circumstances creating a more significant hardship than that faced by movant here. *See Castro-Gaxiola v. United States*, 665 F. Supp. 2d 1049, 1052-53 (8th Cir. 2009) (finding no equitable tolling where movant's law library was only open four days per week for two hours per day and had no Spanish-speaking materials); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *see also Simmons v. United States*, No. 4:21-cv-729-AGF, 2021 WL 4191616 (E.D. Mo. Sept. 15, 2021) (finding no equitable tolling where COVID-19 restrictions made it difficult for movant to access law library).

Like other cases in which the movant's access to the law library was curtailed, here the Court does not find extraordinary circumstances prevented movant from filing his § 2255 motion

3

on time. FCI Ashland's law library computers were offline for six days during the one year that movant had to timely file his § 2255 motion. When the computers came back online, there was a waiting period. These circumstances pose less of a hardship to movant than those the Eighth Circuit has already found not to constitute extraordinary circumstances. *See supra*. Additionally, movant has not claimed he did not have access to paper and pen, or that he could not contact the Court. Nor does he allege why he needed the law library to file his motion. He filed a form § 2255 motion that instructs him not to cite to case law: "Do not argue or cite law. Just state the specific facts that support your claim." ECF No. 1 at 4, 5, 7, and 8. Movant does not allege that he lacked access to the Court or any facts that supported his claims, merely that his access to the law library was hindered. For these reasons, the Court finds he has not met his burden of showing that extraordinary circumstances prevented him from timely filing his motion.

Finally, even if the Court could find extraordinary circumstances, he has not shown that he pursued his rights diligently during the other 359 days he had to file his motion. Although he states that he "has been diligently pursuing his rights to his claim of Ineffective Assistance of Counsel," he does not provide any support for this statement. ECF No. 3 at 2. He does not state how he pursued his rights from the date his sentence became final on February 21, 2023 to when the computers crashed on January 13, 2024. He does not state what he did to pursue his rights during the computer crash, *e.g.*, draft portions of the motion not requiring access to the law library, contact the Court, seek an extension of time, etc. And he does not state how he diligently pursued his rights from when the computer system came back online on January 19, 2024 through the filing deadline of February 21, 2024. Movant had all but six days of the year to pursue his rights diligently. He has not met his burden of showing diligent pursuit during this time.

4

Movant had one year from the date his sentence became final on February 21, 2023 to file his § 2255 motion. The Court finds that movant has not demonstrated extraordinary circumstances beyond his control, making it impossible to file his § 2255 motion on time. Nor has he shown he had been pursuing his rights diligently. Therefore, the doctrine of equitable tolling does not apply, and movant's motion must be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for equitable tolling is **DENIED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order

Dated this 13th day of August, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE